The plaintiff instituted the present action seeking to recover damages for personal injuries allegedly sustained when she fell leaving a store on property owned by the defendant Orlando Mallozzi ("Mallozzi"). The plaintiff claims to have fallen when her heel became caught in a crack in the pavement. Mallozzi has now moved for a summary judgment asserting that the property in question was leased at the time of the incident, to Larry Holley ("Holley") who had possession and control of the properly under a lease requiring Holley to make all repair to the leased premises including structural repairs. The term on the written lease itself had expired by its own terms and Mallozzi asserts that a month-to-month tenancy was created between himself and Holley which was governed by the terms of the original lease.
"Under Connecticut law, the landowner ordinarily is not liable for defects on the premises within the tenant's exclusive control unless: (1) the landowner leased the premises for a use open to the public; (2) the defect in question was in existence at the beginning of the lease; (3) the landlord knew or should have known that the tenant could not reasonably be expected to remedy or guard against injury from the defect." Pritchett v. Rosoff,546 F.2d 463, 466 (2nd Cir. 1976). One important limitation upon the landlord's liability is that such liability does not arise unless he has reason to expect that the tenant will not take steps to remedy or guard against injury from the defect. Webel v. Yale University,125 Conn. 515, 523-524 (1939).
In the present case there are issues of fact as to whether the defect existed, and if so, for how long. There are also questions of fact as to whether the defendant knew or should have known of the existence of the defect or knew or should have known that Holley could not, or would not, remedy that defect. There is also evidence from which a jury could conclude that the tenancy began at the beginning of the month so that the defect, if it existed, existed at that time. Corrigan v. Antupit, 131 Conn. 71, 76
(1944). Accordingly, if the jury were to conclude that the defect existed for a long period of time and that Mallozzi knew or should have known that the tenant did not take steps to remedy or guard against that defect, a cause of action might exist under our law. Accordingly, the Motion for summary judgment is denied.